UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DARYL J. CANE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-00224-KOB-SGC |
| | ) |
| JOHN T. RATHMAN, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

This is an action on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Daryl J. Cane, a federal prisoner proceeding *pro se*. (Doc. 1). Cane challenges the execution of his sentence imposed pursuant to his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*Id.* at 2). When Cane filed the petition, he was incarcerated at the Federal Correctional Institute in Talladega, Alabama. (*Id.* at 3).[1] Cane alleges he has exhausted his administrative remedies, and the respondent concedes this allegation. (*Id.* at 2; Doc. 5 at 3-4).[2] For the reasons discussed below, Cane's petition is due to be denied.

---

[1] A prisoner seeking federal habeas relief pursuant to § 2241 must file his petition in the judicial district where he is incarcerated. *Westine v. Scott*, 356 F. App'x 254, 255 (11th Cir. 2009).

[2] Exhaustion of administrative remedies is a non-jurisdictional requirement for a § 2241 petition, and a court has discretion to accept or reject a respondent's concession that a petitioner has exhausted administrative remedies. *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Here, the court accepts the respondent's concession.

## I. Background

On June 9, 2010, Cane was sentenced in Tennessee *state* court to a six-year term of confinement for a probation violation related to drug and firearm charges. (Doc. 1 at 1; Doc. 5 at 2). On or about January 26, 2011, Cane was transferred to federal authorities on a writ of habeas corpus *ad prosequendum* to face a federal charge for being a felon in possession of a firearm. (Doc. 1 at 1; Doc. 5 at 2). On September 23, 2011, after pleading guilty to the federal charge, Cane was sentenced in a Tennessee *federal* district court to a 105-month term of imprisonment, to run concurrently with his state sentence. (Doc. 1 at 1; Doc. 5 at 2). Although he was returned to state authorities to complete his state sentence, Cane received credit against his federal sentence beginning September 23, 2011. (Doc. 1 at 1; Doc. 5 at 2-3). On January 6, 2012, Cane was released on parole by state authorities and transferred to federal custody to complete his federal sentence. (*Id.* at 3).

In this action, Cane seeks credit against his federal sentence pursuant to 18 U.S.C. § 3585(b) for the eight months between January and September 2011, during which state authorities loaned him to federal authorities in connection with the federal firearm charge. (Doc. 1 at 2). Cane claims he did not receive credit against his state sentence for this time in federal custody. (*Id.*).

In response to an order to show cause why the relief requested by Cane should not be granted, the respondent claimed Cane *did* receive credit against his state sentence for this time. (Doc. 5 at 10-11).[3] In support of this claim, the respondent submitted an e-mail from an employee of the Tennessee Department of Correction to an employee of the Federal Bureau of Prisons ("BOP") dated October 4, 2011, stating Cane received credit against his state sentence for the period "5-24-10 to present." (Doc. 5-2 at 24).

After the magistrate judge notified Cane his petition was deemed ripe for summary disposition based on the respondent's response to the order to show cause, Cane submitted letters from the Tennessee Department of Correction dated February 19 and May 1, 2014, notifying him credits for the time in 2011 during which he was loaned to federal authorities could *not* be applied to his state sentence until the department received a progress report from federal authorities. (Doc. 7 at 7-8).[4]

Because the 2011 e-mail indicated Cane did receive credit against his state sentence for the eight months at issue, but the 2014 letters suggested he may not have received this credit, the magistrate judge ordered the respondent to address this

---

[3] In the response, the respondent indicated V. Fernandez, not John T. Rathman, is the acting Warden for FCI Talladega and the appropriate respondent in this action. (Doc. 5 at 1 n.1). However, the court maintains the original caption for this case for purposes of consistency.

[4] While the February 19, 2014 letter simply references "credits" (Doc. 7 at 7), the May 1, 2014 letter references "program and behavior credits" (*id.* at 8).

question of fact through the submission of a brief and/or evidentiary material. (Doc. 8).[5]

Through a response accompanied by supporting evidentiary material, the respondent has clarified Cane received credit against his state sentence for the eight months at issue while in pretrial federal custody and the credit referenced in the 2014 letters was for behavior and performance credits that could reduce his state sentence. (Doc. 9 at 2-3; Doc. 9-1 at 3-4; Doc. 9-5).

## II. Discussion

The BOP is responsible for computing a federal sentence pronounced by a district court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."). A federal prisoner may challenge the BOP's computation of his sentence through a § 2241 petition. *See Antonelli v. Warden*, 542 F.3d 1348, 1352 (11th Cir. 2008) (holding § 2241 petition is proper vehicle for challenging execution, rather than validity, of sentence).

Section 3585(b) provides as follows:

> A defendant *shall* be given credit toward the service of a term of imprisonment for any time he has spent in official detention *prior* to the date the sentence commences –

---

[5] As discussed in the order and below, whether Cane received this credit is dispositive of his petition.

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

§ 3585(b) (emphasis added); *see also United States v. Wilson*, 503 U.S. 329, 337 (1992) (noting that in enacting § 3585(b) Congress made clear that a prisoner cannot receive double credit for his pretrial detention time); *Castillo v. Fed. Corr. Inst. of Tallahassee*, 163 F. App'x 803, 804 (11th Cir. 2006) (same).

Because the evidentiary material submitted by the respondent clarifies that Cane received credit against his state sentence for the eight months between January and September 2011, during which he was in pretrial federal custody before being sentenced on the federal gun charge, he is not entitled to have that time also credited against the federal sentence imposed upon his conviction on that charge. *See Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 90 (11th Cir. 2009) (holding § 3585(b) precluded § 2241 petitioner from receiving credit for time served before date sentence was imposed if that time was already credited against another sentence); *Garrett v. Rathman*, 2013 WL 1760846, at *2-3 (N.D. Ala. Mar. 22, 2013) (§ 2241 petitioner not entitled to credit against federal sentence for time spent in custody of

5

United States Marshals Service pursuant to federal writ of habeas corpus *ad prosequendum* because he had already received credit for that time on municipal sentences), *report and recommendation adopted*, 2013 WL 1760837 (N.D. Ala. Apr. 19, 2013).

## III. Conclusion

For the foregoing reasons, Cane's petition is due to be **DENIED**.

The court will enter a separate Order.

DONE and ORDERED this 22nd day of March, 2019.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE